IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANTONIO M. HOWARD,                )
                   Plaintiff,        )    Civil Action No. 7:17-cv-00305
v.                                               )
                             )    By:  Elizabeth K. Dillon
THERESA HOSTETTER , *et al.*,        )         United States District Judge
              Defendants.        )

## MEMORANDUM OPINION

Antonio M. Howard, a Virginia inmate proceeding *pro se*, filed this action under the

Civil Rights Act, 42 U.S.C. § 1983.  In his complaint, Howard alleges that the defendants

violated his constitutional rights related to a disciplinary conviction.  Having reviewed the

record, the court concludes that the defendants' motion to dismiss must be granted.

## I.  BACKGROUND

On April 2, 2015, Howard was accused of stabbing another inmate eight times at Augusta

Correctional Center ("Augusta").[1]   Based on this event, he was charged with a 105B/198B

disciplinary infraction – "Attempting to commit/aggravated assault on an offender."  Compl.

Attach., at 4, Dkt. No. 1-1.  Howard has denied that he stabbed anyone.  At the disciplinary

hearing on April 27, 2015, Howard told the hearing officer, Ms. Hostetler, that he had requested,

but had been denied, an advisor to assist with gathering witness statements and other evidence.

Hostetler allowed Howard to consult with an advisor before she conducted the hearing.

Investigator Benjamin Lokey testified that Rapid Eye (surveillance) video footage showed

Howard stabbing inmate Young.  Without reviewing the video footage herself, Hostetler found

Howard guilty of the disciplinary offense based on Lokey's report.  She penalized Howard with

30 days in segregation and forfeiture of 60 days of earned good conduct time.

---

[1]  This summary of allegations is taken from Howard's complaint and attached exhibits.

On appeal, Warden John Woodson upheld the finding of guilty. Woodson stated that review of a recording of the hearing reflected that: Howard was given thirty minutes to meet with his advisor, he offered no evidence contradicting Lokey's testimony, and the video corroborated that testimony. Howard appealed this finding. On June 29, 2015, the regional administrator upheld the hearing officer's rulings for the reasons the warden had stated.

On July 27, 2015, Howard was charged in Augusta County Circuit Court with two felonies based on the inmate altercation on April 2: malicious wounding and prisoner possession of a deadly weapon. In the course of the criminal defense investigation, Howard obtained records unavailable to him during the disciplinary proceedings. The eye witnesses to the altercation between Howard and Young testified that they saw only a fist fight, not a stabbing, and the Rapid Eye video footage confirmed that scenario. Medical records for inmate Young did not indicate that he had received treatment for stab wounds on April 2, 2015. Although Investigator Lokey had photographs of blood on the floor at the scene of the fight, DNA tests showed that none of that blood came from Young or Howard. Young's DNA also was not present on the weapon or on Howard's clothing, and Howard's blood was not present on the weapon or on Young's clothing. On July 11, 2016, Howard pleaded guilty to the felony weapon possession charge and to a misdemeanor assault and battery charge—a lesser included offense of the malicious wounding charge.

Howard signed and dated his § 1983 complaint on January 26, 2017. Howard sues Hostetler, Lokey, and Woodson for alleged due process violations during the disciplinary proceedings. As relief, Howard seeks monetary damages, expungement of the disciplinary conviction, and restoration of the good conduct time that he lost. The defendants have filed a motion to dismiss, and Howard has responded, making the matter ripe for disposition.

## II.  DISCUSSION

### A.  Standard of Review under Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.  Claims Barred under *Heck v. Humphrey*

The defendants argue that Howard's § 1983 claims about his disciplinary conviction are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  The court finds this argument to be well taken.

An inmate's § 1983 action for injunctive relief or damages based on allegedly defective disciplinary proceedings "is barred . . . if success in that action would necessarily demonstrate the invalidity of [that prisoner's] confinement or its duration," unless the prisoner also proves that the challenged disciplinary conviction has already been expunged or otherwise invalidated. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (interpreting the holding in *Heck*); *see also Edwards v. Balisok*, 520 U.S. 641, 647-48 (1997) (applying *Heck* to § 1983 claim seeking restoration of good conduct time forfeited as penalty for prison disciplinary conviction).  In other words, when an inmate's § 1983 claim about a disciplinary conviction, if successful, could change the length of his confinement through the restoration of forfeited good conduct time, the claim is barred under *Heck*, unless he first proves that the conviction no longer stands, and he *cannot* use the § 1983 complaint itself to invalidate the disciplinary conviction.  *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who seeks a speedier release from incarceration).

Howard has not satisfied the prerequisites to avoid having his claims barred under *Heck*. The disciplinary conviction he seeks to challenge in this § 1983 action still stands. Success in his due process challenges would imply the invalidity of both the disciplinary conviction and the resulting forfeiture of earned good time. Such a finding would also imply that his good conduct time should be restored and that his term of confinement as currently calculated is unlawful. For the stated reasons, the court will grant the motion to dismiss Howard's § 1983 claims as barred under *Heck*.[2]

## III. CONCLUSION

For the stated reasons, the court will grant will grant the defendants' motion to dismiss Howard's § 1983 claims as barred under the rule in *Heck* and will dismiss his claims without prejudice.

An appropriate order will be entered.

Entered: August 21, 2018.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge

---

[2] The court could construe Howard's submissions as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981) (recognizing courts' authority to construe *pro se* submissions appropriately for relief sought, regardless how pleadings are titled). Court records online, however, indicate that Howard has not submitted his current claims to any state court, as required before this court could grant habeas relief under § 2254. *See* 28 U.S.C. § 2254(b) (requiring exhaustion of state court remedies). Moreover, even assuming that the video footage, medical records, witness statements, and DNA test results prove that no stabbing occurred on April 2, 2015, sufficient evidence supported the hearing officer's ruling. The evidence that Howard possessed a weapon and engaged in a fist fight with inmate Young is undisputed and supports the finding that Howard was guilty of the charge against him: *attempting* to commit aggravated assault on an offender. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 456 (1985) (holding that due process in disciplinary proceedings requires only "some evidence" in the record to support finding of guilt). For these reasons, the court declines to construe and address Howard's claims as a habeas corpus petition under § 2254.